**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SalonDepot Inc,<br><br>Plaintiff,<br><br>v.<br><br>SHENZHEN ANDELIAN TECHNOLOGY CO., LTD., ZHONGSHAN YONGQI ELECTRONIC TECHNOLOGY CO. LTD., and SHAOQI JI,<br><br>Defendants. | **Case No. _______________** |

**COMPLAINT**

Plaintiff, SalonDepot Inc ("SalonDepot" or "Plaintiff"), by and through its undersigned counsel, hereby files this Complaint against Defendants Shenzhen Andelian Technology Co., Ltd., Zhongshan Yongqi Electronic Technology Co., Ltd., and Shaoqi Ji (an individual), (hereinafter "Andelian," "Yongqi," and "Ji" respectively, and "Defendants" collectively) for a declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.* that United States Patent No. 12,667,093 ("the '093 Patent" Exhibit 1) is invalid as being anticipated by the prior publications and public sales and that Plaintiff's products do not infringe any valid claim of the '093 Patent.

## I. THE PARTIES

1. Plaintiff SalonDepot is a corporation organized under the laws of the State of California with a principal place of business at 324 S. Diamond Bar Blvd., Unit 717, Diamond Bar, California 91765. SalonDepot owns one store on Amazon.com, Salon Depot USA (Seller ID A9VYJV6X1I7UL).

2. Defendant Shenzhen Andelian Technology Co., Ltd. ("Andelian") is organized under the laws of the People's Republic of China, with a principal place of business at 1622-1630, Building 74, Yixiu New Village, Baishilong Community, Minzhi Street, Longhua District, Shenzhen, Guangdong, People's Republic of China. Defendant Andelian is a co-owner and assignee of the '093 Patent.

3. Defendant Zhongshan Yongqi Electronic Technology Co., Ltd. ("Yongqi") is organized under the laws of the People's Republic of China, with a principal place of business at Floor 2, Building A, Plant 10, Qianjin Second Road, Tanzhou Town, Zhongshan, Guangdong, People's Republic of China. Defendant Yongqi is a co-owner and assignee of the '093 Patent.

4. Defendant Shaoqi Ji ("Ji") is a resident of the People's Republic of China, residing at Area A of Building A, No.10 Qianjin Second Road, Tanzhou Town, Zhongshan, P.R. CHINA 528400. Defendant Ji is a named inventor of the

’093 Patent and the Director of Defendant Yongqi who executed, on behalf of Yongqi, the Amazon Patent Evaluation Express Agreement asserting the ’093 Patent against Plaintiff’s products. (Exhibit 2).

## II. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), 28 U.S.C. §§ 2201 and 2202 (Declaratory Judgment Act) and 35 U.S.C. § 100, *et seq*.

6. This Court has personal jurisdiction over Defendants pursuant to Federal Rule of Civil Procedure 4(k)(2). Plaintiff’s claims for declaratory judgment arise under the patent laws of the United States. Defendants are organized under the laws of, and reside in, the People’s Republic of China and are not subject to jurisdiction in any state’s courts of general jurisdiction. Exercising jurisdiction over Defendants is consistent with the United States Constitution and laws because Defendants have purposefully directed their patent enforcement activities at the United States: Defendants applied for and obtained the ’093 Patent from the United States Patent and Trademark Office; Defendants invoked Amazon.com’s patent enforcement procedure in the United States by filing a patent infringement complaint asserting the ’093 Patent against Plaintiff’s listings on Amazon.com;

Defendants executed and submitted to Amazon.com an Amazon Patent Evaluation Express Agreement asserting the ’093 Patent against Plaintiff’s ASINs; and Defendants themselves sell solar mosquito killers to consumers in the United States through Amazon.com under the brand HBUDS registered in Amazon’s Brand Registry. (Exhibit 2).

7. Further, Plaintiff sells its products through Amazon.com to customers throughout the United States, including in this District. Defendants committed wrongful acts to lock down Plaintiff’s products on Amazon.com, each identified by an Amazon Standard Identification Number (“ASIN”), and to stop sales of Plaintiff’s products in the United States, including in this District.

8. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(3) and (c)(3) because Defendants are not resident in the United States and may be sued in any judicial district, and because Defendants are subject to this Court’s personal jurisdiction with respect to this action.

9. This Court has original subject matter jurisdiction over the controversy which arose out of Defendants’ filing of a fraudulent patent infringement complaint with Amazon.com’s internal complaint system. (Exhibit 2). This Court has subject matter jurisdiction over the present controversy under the Patent Laws of the

United States, 35 U.S.C. §§ 100 *et seq.*, as well as pursuant to 28 U.S.C. § 2201 (the Declaratory Judgment Act).

## III. STATEMENT OF FACTS

10. United States Patent No. 12,667,093, entitled "Solar Mosquito Killer," issued on June 30, 2026 from application No. 19/319,072, which was filed on September 4, 2025 as a continuation-in-part of design application No. 29/941,845, filed on May 13, 2024, now U.S. Design Patent No. D1,094,828. The '093 Patent also claims foreign priority to three Chinese applications filed on August 28, 2025. The '093 Patent has 15 claims and names Defendants Andelian and Yongqi as assignees. (Exhibit 1).

11. This case arises out of Defendants' assertion of the '093 Patent to lockdown Plaintiff's ASINs and to stop Plaintiff's sales of the solar devices for killing mosquitoes ("the Mosquito Killer") on the Amazon platform (*see* Exhibit 2). On August 24, 2026, Amazon.com notified Plaintiff that Defendants had reported Plaintiff's Mosquito Killers listed under ASINs B0F43NBHW2 and B0FH9GJ46S as infringing the '093 Patent (Amazon Case ID 21593992021), and that Amazon.com will remove those listings unless, within three weeks, Plaintiff obtains a retraction

from Defendants, files a declaratory judgment action against Defendants, or participates in Amazon.com's neutral patent evaluation procedure. (Exhibit 2).

12. In their submission to Amazon.com, Defendants identified claim 11 of the '093 Patent as the asserted claim. (Exhibit 2). Claim 11 of the '093 Patent recites:

> 11. A solar mosquito killer, comprising:
>
> a solar module (1);
>
> a mosquito killing module (2), wherein the mosquito killing module (2) is located on one side of solar module (1), and comprises a frame component (21), an electric grid (22) located in the frame component (21), a control component (23) electrically connected to the electric grid (22), and a button (24) set on the frame component (21) and electrically connected to the control component (23); and
>
> a supporting module (3), wherein the supporting module (3) is detachably connected to the mosquito killing module (2) to support the mosquito killing module (2);
>
> wherein the frame component (21) comprises two mounting columns (211), a top beam (212), a bottom beam (213), and two protective nets (214), the two mounting columns (211), the top beam (212), the bottom beam (213), and the two protective nets (214) are connected to each other to form a frame; the two mounting columns (211) are arranged opposite to each other, and the top beam (212) is arranged opposite to the bottom beam (213); the two protective nets (214) are arranged opposite to each other; both mounting columns (211) are provided with first insertion holes (2111) for installation at both ends of the electric grid (22); and the control component (23) and the button (24) are both installed on one of the mounting columns (211);

wherein the mosquito killing module (2) further comprises at least one mosquito trap lamp (26), and both mounting columns (211) are provided with second insertion holes (2112) for mounting at both ends of the at least one mosquito trap lamp (26); fixing slots (2113) are provided on both sides of the two mounting columns (211) near the protective nets (214), and the two ends of the protective nets (214) are installed in the fixing slots (2113);

the mosquito lure lamp (26) comprises a lampshade (261) and a circuit board component (262), the lampshade (261) comprises a shade body (2611) and a fixing portion (2612) connected to an inner side of the shade body (2611), the fixing part (2612) comprises two L-shaped fixing components arranged opposite to each other, the fixing portion (2612) and the shade body (2611) cooperatively enclose a strip-shaped storage slot, and the circuit board component (262) slides into the storage slot from one end of the lampshade (261) to be fixed in the storage slot.

13. The ’093 Patent is entitled, at the earliest, to a priority date of May 13, 2024, the filing date of design application No. 29/941,845, and only as to subject matter disclosed in that design application. As to any claimed subject matter not disclosed in that design application, the ’093 Patent is entitled to a priority date no earlier than August 28, 2025.

14. As the Plaintiff’s Mosquito Killers were made following the public disclosure of others published prior to the earliest priority date, May 13, 2024, of the ’093 Patent, Plaintiff’s Mosquito Killers cannot legally infringe any valid claim of the ’093 Patent as a matter of law.

15. The prior art Mosquito Killers are shown in the table below:

| **Disclosing Party** | **Date of First Public Disclosure** | **Publicly Disclosed Device** |
|---|---|---|
| Facebook User, Salomon Abrego (Exhibit 3) | June 2, 2023 |  |
| Amazon Listing Seller ZRLKM with Customer Review on April 10, 2023 (“ZRLKM” Exhibit 4) | April 10, 2023 |  |
| Facebook Public Posting (Exhibit 5) | April 20, 2023 |  |

| | | |
|---|---|---|
| CN307171824<br><br>(Exhibit 6) | March 15, 2022 |  |
| CN307820993<br><br>(Exhibit 7) | January 31, 2023 |  |
| CN308246059<br><br>(Exhibit 8) | September 26,<br><br>2023 |  |
| CN308322747<br><br>(Exhibit 9) | November 14,<br><br>2023 |  |

16. Plaintiff made its Mosquito Killers according to the prior art such as ZRLKM. Plaintiff's Mosquito Killers, sold on Amazon.com through its Salon Depot USA store under ASINs B0F43NBHW2 and B0FH9GJ46S, are shown below (Exhibit 10):



**ASIN B0F43NBHW2**
*"Solar Bug Zapper Outdoor, 20W Powerful Mosquito Zapper Outdoor"*



**ASIN B0FH9GJ46S**
*"Solar Bug Zapper Outdoor with Stand, Waterproof Mosquito Zapper"*

17. Defendants took the prior art Mosquito Killers to apply for and obtained the '093 Patent. The prior art ZRLKM Mosquito Killer and the representative figure on the face of the '093 Patent are directly compared in the table below:

| ZRLKM Disclosure on April 10, 2023 (Exhibit 4) | Representative figure on the face of the ’093 Patent, filed September 4, 2025 (Exhibit 1) |
| --- | --- |
|  |  |

18. Defendants’ wrongful actions have caused, and continue to cause, damages to the Plaintiff and gave rise to Plaintiff’s rights to take legal action for a declaratory judgment against the ’093 Patent for noninfringement and invalidity.

19. Defendants have damaged Plaintiff, whose contractual relationship and business expectancy with Amazon.com have been disrupted. Plaintiff has lost substantial amount of money and is currently being irreparably harmed by Defendants’ intentional acts.

## COUNT I – DECLARATORY JUDGMENT OF INVALIDITY OF THE ’093 PATENT

20. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

21. The claims of the ’093 Patent, including claim 11, are anticipated or rendered obvious by ZRLKM, which disclosed identical or substantially identical Mosquito Killers on Amazon.com no later than April 10, 2023, more than one year before the earliest possible priority date of the ’093 Patent. By way of example and not limitation, the prior art identified above, including ZRLKM, the Facebook disclosures, and the Chinese design patents, alone or in combination, discloses or renders obvious each limitation of one or more claims of the ’093 Patent, including claim 11. Plaintiff’s investigation of the prior art is ongoing.

22. Therefore, the claims of the ’093 Patent are invalid under 35 U.S.C. §§ 102 and 103 as being anticipated by ZRLKM or rendered obvious over ZRLKM alone or in combination with other prior art references.

## COUNT II – DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE ’093 PATENT

23. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

24. The ’093 Patent was filed on September 4, 2025, more than two years after ZRLKM, and is entitled to a priority date no earlier than May 13, 2024, more than one year after ZRLKM. The ’093 Patent claims substantially the same Mosquito Killers as ZRLKM.

25. As the Plaintiff’s Mosquito Killers were made according to the prior art such as ZRLKM, the ’093 Patent claims cannot be interpreted to cover Plaintiff’s Mosquito Killers as a matter of law because doing so would render the ’093 Patent claims invalid claims.

26. Therefore, the claims of the ’093 Patent cannot be read on the Plaintiff’s Mosquito Killers, and Plaintiff’s Mosquito Killers do not infringe any valid claim of the ’093 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1) That the claims of the ’093 Patent are invalid over prior art;

2) That the ’093 Patent is not infringed by the Plaintiff’s Mosquito Killers;

3) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active

concert with them be temporarily, preliminarily, and permanently enjoined and restrained from using the ’093 Patent against Plaintiff;

4) That Defendants be ordered to withdraw their patent infringement complaint against Plaintiff with Amazon.com and to instruct Amazon.com to reinstate Plaintiff’s e-commerce store, ASINs and products to the extent they have been removed or restricted;

5) That Defendants be restrained from filing patent infringement allegations against Plaintiff with Amazon.com during the pendency of this action;

6) That Plaintiff be awarded its reasonable attorneys’ fees and costs; and

7) Award any and all other relief that this Court deems just and proper.

Date: September 15, 2026

Respectfully submitted,

*/s/ Wei Gu*

WEI GU
TRONFUTURE LAW PLLC
305 Broadway, Suite 719
New York, NY 10007
Telephone: (212) 897-5842
Email: davidgu@tronfuturelaw.com
*Counsel for Plaintiff SalonDepot Inc*